# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| THE FORD PLANTATION CLUB, INC. and THE FORD PLANTATION ASSOCIATION, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV416-309 |
| MICHAEL & NANCY SCOTT, | ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs The Ford Plantation Club, Inc., and The Ford Plantation Association, Inc., a golf club community and homeowners' association, sued defendants Michael and Nancy Scott for assessments and club dues owed (and unpaid) on their Ford Plantation Club property. *See* doc. 1-1 (Complaint) at ¶¶ 7-9, 11-14, 20-22. Defendants counterclaimed that they were fraudulently induced into buying their property and that plaintiffs have breached the various governing documents/agreements for dues and assessments, and seek a declaratory judgment that those governing documents are invalid. *See* doc. 13 (Amended Answer and Counterclaim). The Scotts propounded Interrogatories and Requests for Production on plaintiffs, seeking

information "reasonably calculated" to prove their allegations that plaintiffs have trapped them in a bad contract, rendered their property worthless, and won't allow them to forfeit the property in payment of the dues and assessments because they "prefer to simply keep assessing the costs against" them. Doc. 17 at 2. Plaintiffs refused, contending that the discovery sought amounts to a mere fishing expedition, and oppose defendants' instant motion to compel the production of both interrogatory responses and documents. Doc. 19.

Despite defendants' moving to compel responses, the Court is unable to determine precisely *which* interrogatories and document requests are the subject of dispute: defendants don't specify anywhere in their three-page motion. *See* doc. 17 at 1-3 (arguing that "Plaintiffs have failed and refused to answer Defendants' Interrogatories and to provide the information sought in the Request for Production of Documents" but not listing any specific numbers or reasons the responses were inadequate); *see also* doc. 21 at 1-3 (explaining that they have objected to "all of the Plaintiffs' responses because there is no information provided by the Plaintiff in response to a single Interrogatory or Request for Production," despite that there *are* several

2

responses and multiple notes indicating that exhibits were indeed attached to those responses). On that basis alone, the Court could procedurally reject defendants' motion and make them try again. *See* S.D. Ga. L. R. 26.5(a)-(c).[1]

Diving into the correspondence between counsel, however, it appears that defendants are unsatisfied with 8 out of 13 of the Club's responses to interrogatories (largely seeking personal identifying information for individuals not related to this case) and 13 out 32 of both plaintiffs' responses to document requests (largely seeking copies of various records and communications between plaintiffs and individuals not related to this case). *See* docs. 17-8 & 19-1. Plaintiffs objected to these requests on multiple grounds, and partially answered several by construing them more narrowly. *See, e.g.,* doc. 17-5. And

---

[1] LR 26.5 Discovery Motions and Objections. Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:

(a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;

(b) include the specific ground for the motion or objection; and

(c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.

defendants were clearly unsatisfied by their responses, given the exchange of calls and meet-and-confer letters saying so (without any specifics about *why* the responses were insufficient) and filing of a motion to compel further responses (with nary an argument or citation to a single authority in support of the insufficiency, of course). *See* doc. 17. Once more, defendants fail to provide any specificity regarding their arguments or objections, apparently assuming that the Court will sniff them out like pigs do truffles. *See, again,* S.D. Ga. L. R. 26.5.

But, muddling through the exhibits to cobble together their arguments (as they must exist), it appears that the Scotts believe that (1) while much of the information sought is publicly available, plaintiffs must have it archived in some way so that production would be more cost-effective for plaintiffs to bear; and (2) plaintiffs' refusal to provide personal identifying information of unrelated individuals is bad faith, since that identifying information can support defendants' counterclaim of an overarching conspiracy to induce folks to buy Club properties, lock some in to those contracts, and exempt others from those same burdens for various subjective reasons. *See* doc. 17-8 (listing insufficient responses by number and explaining that counsel "do[es] not believe

4

that these are valid or good faith objections certainly, this is information that is in the control of The Club and is relevant to the issues being presented to the Court."); doc. 17-9 ("You're quite correct that I'm seeking information in regard to 'other member[s'] accounts' . . . . The information you provided is absolutely worthless in terms of this discovery. You have asked us to go search public records for information that you have and that your client can produce of [*sic*] less cost in terms of time and money. We are not on a fishing expedition[,] but we need information[,] specifically the information pointed out in our pleadings and discovery."). Plaintiffs object that this sort of information could only be relevant to a derivative action, as it would concern *all* members of the Club, not just the Scotts. Doc. 19 at 4 (citing *Crittenton v. Southland Owners Ass'n*, 718 S.E.2d 839, 842-43 (Ga. App. 2011)). Defendants -- in keeping with their failure to provide specific citations to the record or authority -- don't respond. Instead, they list (nonexhaustively) plaintiffs' objections and conclude that they are insufficient. *See* doc. 21 at 1-3.

For example, The Ford Plantation Club, Inc.'s Response to Defendants' First Interrogatories:

5

1. Has any applicant to the Club or prospective purchaser of property at the Ford Plantation ever been denied membership in the Club? If so, identify the name and last known address and phone number of such denied applicant(s), and provide a brief description of the reason such applicant was denied membership in the Club.

RESPONSE: Plaintiff objects to this request because it is irrelevant to the subject matter of this matter, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request [because] the request intrudes upon the applicant's seclusion or solitude, or into his or her private affairs, may lead to a public disclosure of embarrassing private facts about the applicant and/or may cause publicity which places the applicant in a false light in the public eye.

[ . . . ]

3. Identify all persons who have been delinquent in payment of their dues or other obligations to the Club, and for each such person state the date(s) of such delinquency, a brief description of the delinquency including the amount owed and the reason such amount was owed (i.e. club dues, or other default), and provide a description of what action(s) the Club took against such member (i.e. filing a lien, sending a demand letter, terminating membership, suspending membership, filing a lawsuit, or foreclosing on real property).

RESPONSE: Plaintiff objects to this request because it is irrelevant to the subject matter of this matter, and the information sought is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this discovery request because it is so broad and unlimited as to time and scope as to be an unwarranted annoyance, embarrassment, and is oppressive. To comply with the request would be an undue burden and expense on the plaintiff. The request is calculated to annoy and harass plaintiff. Plaintiff further objects to this request [because] the request intrudes upon the member's

seclusion or solitude, or into his or her private affairs, may lead to a public disclosure of embarrassing private facts about the member and/or may cause publicity which places the member in a false light in the public eye. Plaintiff further objects to disclosing any information that may be a violation of the Fair Debt Collection Practices Act, and may violate confidentiality agreements, if any. Plaintiff further objects to this request due to the fact that the information sought regarding liens, lawsuits and foreclosures in this discovery request is equally available to the propounding party through public records.

Doc. 17-5 at 2-4. Plaintiffs explained in their meet-and-confer letter that they would not provide "personal, sensitive information" regarding "*other* members' accounts," applications, or delinquencies, and that defendants "have equal opportunity to search public records" to find this sort of information. *See* doc. 19-1. Bar one specific-ish response, the Scotts don't offer much except their mere disagreement to rebut these objections. *See generally* docs. 17 & 21; *see also* doc. 21 at 2 ("If it's a matter of public record, it can hardly be a violation of [the] Fair Debt Collection Practices Act.").

All this is to say that it is clear the parties have not *meaningfully* met and conferred to narrow the scope of their dispute before defendants sought court intervention.[2]    *See* S.D. Ga. L. R. 26.5

---

[2]  Requiring meaningful consultation can lead to informal resolution and thus conservation of court resources. *Avera v. United Airlines, Inc.*, 465 F. App'x 855,

("Counsel are reminded that Fed. R. Civ. P. 26(c) [ ] require[s] a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court."); *Scruggs v. Int'l Paper Co.*, 2012 WL 1899405, at *2 (S.D. Ga. May 24, 2012) ("There is an argument for the use of general objections -- they save time and repetition -- and IP makes it here. [But] there are many arguments against them. That issue will not be resolved now, however, because the lawyers here are professionals" and thus capable of fulfilling their Local Rule 26.5 duty to fully meet and confer before seeking the court's intercession). They must do so, and return to this Court only with narrowed, specific, and supported objections to plaintiffs' alleged nonresponsiveness. Put another way, the parties shall in good faith (at least by phone if not in person) attempt to resolve movant's objections without further Court involvement. Fees will be assessed for any bad faith shown.[3]

---

858-59 (11th Cir. 2012) (magistrate judge did not abuse his discretion in denying, without prejudice, plaintiff's motion to compel discovery where plaintiff had not sought to resolve his discovery dispute with defendant before filing the motion); *Jo Ann Howard & Associates, P.C. v. Cassity*, 2012 WL 1247271, at *8 (E.D. Mo. Apr. 13, 2012) (rejecting compulsion request in part because "the failure of the parties to communicate *materially* impeded their resolution of this matter.") (emphasis added).

[3] The parties are reminded that

## C. CONCLUSION

In sum, defendants' motion to compel production of documents and interrogatories (doc. 17) is **DENIED** without prejudice. Defendants' request for extension of discovery (doc. 18) is **GRANTED** only regarding these disputed discovery responses, in that the parties must meaningfully meet and confer and plaintiffs must answer to the extent that defendants can muster specific, convincing, and legally persuasive reasons supporting the relevance and proportionality of these requests.

---

> The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad and includes discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action. Those resisting discovery must show specifically how the objected-to request is unreasonable or otherwise unduly burdensome.
>
> *Claims and defenses* determine discovery's scope. Evidence is relevant if it has any tendency to make the existence of any fact or consequence more or less probable than it would be without the evidence.

*Daniel Def., Inc. v. Remington Arms Co., LLC*, 2015 WL 6142883 at * 2 (S.D. Ga. Oct. 19, 2015) (cites and quotes omitted).

"The standard for what constitutes relevant evidence is a low one." *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002); *McCleod v. Nat'l R.R. Passenger Corp.*, 2014 WL 1616414 at * 3 (S.D. Ga. Apr. 22, 2014) ("Rule 26, quite simply, sets forth a *very* low threshold for relevancy, and thus, the court is inclined to err in favor of discovery rather than against it."). The recent changes to the Federal Rules of Civil Procedure (in particular, Rule 26), although substantive and substantial, do not change the *definition* of relevance. Instead, they reemphasize and highlight requirements already present in the Rules, like proportionality. *See* Fed. R. Civ. P. 26, advisory committee note (2015) ("Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality. . . ."); *Sibley v. Choice Hotels Int'l*, 2015 WL 9413101 at * 2 (E.D.N.Y. Dec. 22, 2015) ("While proportionality factors have now been incorporated into the Rule 26(b)(1) definition, those factors were already a part of Federal discovery standards, appearing in Rule 26(b)(2)(C)(iii)").

**SO ORDERED,** this  10th  day of May, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA