THE FORD PLANTATION CLUB, )
INC. and THE FORD PLANTATION )
ASSOCIATION, INC., )
 )
    Plaintiffs and Counter- )
    Defendants, )
 )
v. ) CASE NO. CV416-309
 )
MICHAEL L. SCOTT and NANCY J. )
SCOTT, )
 )
    Defendants and Counter- )
    Claimants. )
 )

## O R D E R

Before the Court is Plaintiffs and Counter-Defendants The Ford Plantation Club, Inc. and The Ford Plantation Association, Inc.'s Motion to Dismiss Counterclaim. (Doc. 6.) For the following reasons, Plaintiffs' motion is **GRANTED**. As a result, Defendants and Counter-Claimants Michael L. Scott and Nancy J. Scott's counterclaim for deceit is **DISMISSED**.

### BACKGROUND

This case involves Defendants' purchase of real property in the Ford Plantation development. Plaintiff Ford Plantation Association ("Association") is responsible for the operation and maintenance of the common areas in the development. (Doc. 4 ¶ 2.) Plaintiff Ford Plantation Club ("Club") is the entity

responsible for the management of various social and leisure amenities offered to individuals that own property in the development and have been accepted for membership in the Club. (Doc. 1, Compl. ¶ 5.) Both Plaintiffs Association and Club charge monthly fees and periodic assessments for the maintenance of these common areas and amenities. (Id. ¶¶ 11, 19.)

In 2002, Defendants purchased property within the development, later becoming members of Plaintiff Club. (Doc. 4, ¶¶ 6, 9.) As a result, Defendants were obligated to pay the various required fees and assessments. (Doc. 1, Compl. ¶¶ 8, 9.) However, Defendants have failed to pay these expenses. (Id. ¶¶ 12, 20.)

Plaintiffs filed suit in the Superior Court of Bryan County alleging that Defendants breached their contracts with Plaintiffs. (Id.) The complaint seeks over $150,000 in unpaid fees, assessments, late fees, and interest. (Id. ¶ 25.) Pursuant to 28 U.S.C. § 1332, Defendants invoked this Court's diversity jurisdiction and removed the case to this Court. (Doc. 1.)

In their answer, Defendants included a counterclaim for deceit.[1] (Doc. 4 at 7.) Defendants contend that at the time they

---

[1] Defendants also included two counterclaims requesting declaratory judgments that the club membership obligation is unenforceable and that any member may resign from the club at any time. (Doc. 4 at 11-22.) Because Plaintiffs do not seek dismissal of those counterclaims at this time, the Court will not discuss them in this order.

2

entered into these contracts, Plaintiffs "made a number of affirmative representations to the Defendants regarding the manner in which the Club and The Association would be operated, the manner in which amenities would be provided and the manner in which the property would be maintained." (Id. at 8.) Defendants also allege that Plaintiffs provided them with a current and future value of the property, including its marketability and resale value. (Id. at 9.) Defendants maintain that these statements were "false and fraudulent misrepresentations [] made for the sole purpose of inducing Defendants to enter into the contract for the purchase of the property in The Ford Plantation with the resulting obligations to The Club and The Association." (Id. at 10.)

In their Motion to Dismiss, Plaintiffs argue that Defendants' counterclaim fails because it was not filed within the applicable four-year statute of limitations contained in O.C.G.A. § 9-3-31. (Doc. 6 at 2.) Also, Plaintiffs maintain that even if Defendants' allegations are true, the alleged statements are only opinions on future performance. (Id. at 3.) As a result, those statements are merely sales puffery and not actionable as fraud. (Id.)

In their short response, Defendants appear to argue that the statute of limitations was tolled pursuant to O.C.G.A. § 9-3-96 because Plaintiffs' failure to sue members until 2014

3

"constitutes a fraud that would toll the statute of limitations so as to render the [] counterclaim timely." (Doc. 7 at 2.) Surprisingly, this is really the extent of Defendants' response, which fails to include a single citation to any legal authority at all, much less one that would support their position. Moreover, Defendants completely failed to address Plaintiffs' contention that the facts alleged in support of Defendants' counterclaim are only sales puffing and not an actionable fraud claim.

## ANALYSIS

I. <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quotations omitted) (quoting Iqbal, 556 U.S. at 678). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Additionally, a complaint is sufficient only if it gives "fair notice of what the . . . claim is and the grounds upon which it rests." Sinaltrainal, 578 F.3d at 1268 (quotations omitted) (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578 F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted

5

deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [plaintiff's] allegations." Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

## II. PLAINTIFFS' MOTION TO DISMISS

While Defendants style their counterclaim as one for deceit, Defendants actually allege that Plaintiffs fraudulently induced them to purchase real property. This type of claim is subject to the four-year statute of limitations contained in O.C.G.A. § 9-3-31. City of McCaysville v. Cardinal Robotics, LLC, 263 Ga. App. 847, 848, 589 S.E.2d 614, 615 (2003) (citing Kerce v. Bent Tree Corp., 166 Ga. App. 728, 729, 305 S.E.2d 462 (1983)). This limitations period is tolled if the defendant is "guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action." O.C.G.A. § 9-3-96. Under these circumstances, "[t]he period of limitation shall run only from the time of the plaintiff's discovery of the fraud." Id. The limitations period is only tolled by fraud that conceals the

6

cause of action, not the original fraud that gave rise to the claim. Cardinal, 263 Ga. App. at 848, 589 S.E.2d at 615 (quoting Kerce, 166 Ga. App. at 729, 305 S.E.2d at 462). Fraud that operates to conceal a cause of action utilizes some trick or artifice to prevent inquiry into, elude investigation of, or mislead and hinder the potential plaintiff from obtaining information related to the underlying claim. Id. at 848, 589 S.E.2d at 615-16 (quoting Kerce, 166 Ga. App. at 729, 305 S.E.2d at 463).

In this case, Defendants have not identified or even alleged any trick or artifice Plaintiffs employed in an attempt to obfuscate Defendants' claim for fraudulent inducement. Defendants did not even bother to identify the five elements of a fraud claim: (1) a false statement; (2) scienter; (3) the intention to induce a party to act or refrain from acting; (4) justifiable reliance by the defrauded party; and (5) damages. See Serchion v. Capstone Partners, Inc., 298 Ga. App. 73, 76-77, 679 S.E.2d 40, 43 (2009) (quoting Stiefel v. Schick, 260 Ga. 638, 639, 398 S.E.2d 194, 195 (1990)). This shortcoming is exacerbated by Defendants' failure to address any of these elements in their two-page brief.

As best the Court can decipher, Defendants' basic theory is that Plaintiffs' failure to earlier collect the fees and assessments prevented Defendants from bringing their claim for

fraudulent inducement because Defendants were lulled into a belief that Plaintiffs would never seek payment. However, Plaintiffs' decision to forego collection of those debts did not prevent Defendants from investigating their claim for fraudulent inducement, which accrued when they contracted to purchase the real property. See Kerce, 166 Ga. App. at 729, 305 S.E.2d at 462 ("A claim of fraudulent inducement in the execution of a contract accrues on the date of the execution of the contract." (citing Sears, Roebuck & Co. v. Green, 142 Ga. App. 770, 237 S.E.2d 10 (1977)). Absent some type of fraud that concealed or prevented Defendants from investigating their counterclaim, Defendants have long since missed the limitations deadline.

Defendants decry the horrible outcome of their real-estate investment and advance the general notion that they never would have purchased the property had they known that Plaintiffs would actually collect the fees and assessments Defendants agreed to pay. While the Court is empathetic to the poor state of Defendants' investment, Defendants have not advanced any legal argument sufficient to avoid the statute of limitations applicable to their fraudulent inducement counterclaim. As a

result, Plaintiffs' request for this counterclaim to be dismissed must be granted.[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Dismiss (Doc. 6) is **GRANTED**. As a result, Defendants' counterclaim for deceit is **DISMISSED**.

SO ORDERED this 22ND day of September 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Because the Court has determined Defendants' counterclaim to be untimely, the Court will not address whether Plaintiffs' alleged statements qualify as fraudulent inducement.

9