UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THE FORD PLANTATION CLUB, INC., )
and THE FORD PLANTATION )
ASSOCIATION, INC., )
)
    Plaintiffs, )
)
vs. )   Civil Action No. <u>4:16-cv-309</u>
)
MICHAEL L. SCOTT and )
NANCY J. SCOTT, )
)
)
    Defendants. )

# <u>ORDER</u>

Plaintiffs The Ford Plantation Club, Inc. ("Club") and The Ford Plantation Association, Inc. ("Association") (collectively "Plaintiffs"), a golf club community and homeowners' association, sued Defendants Michael Scott and Nancy Scott (collectively "Defendants") for assessments and Club dues owed (and unpaid) on their Ford Plantation Club property. Defendants counterclaimed that Plaintiffs have breached the various governing documents/agreements for dues and assessments, and seek a declaratory judgment that those governing documents are therefore invalid. (<u>See</u> doc. 13.) Defendants' counterclaim for Deceit was dismissed by order of this Court.

The Scotts propounded Interrogatories and Requests for Production on Plaintiffs, Plaintiffs responded with their objections, primarily objecting to the disclosure of financial and private information regarding *other* members' account delinquencies.

This Scotts filed an initial Motion to Compel Discovery (doc. 17), and the Plaintiffs filed their opposition. By Order entered May 10, 2017 (doc. 24), this Court denied the defendants' Motion to Compel Discovery, without prejudice, and required the parties to meaningfully meet and confer and the Scotts to muster specific, convincing, and legally persuasive reasons

supporting the relevance and proportionality of their request.

On May 19, 2017, counsel for the parties conferred in person, and as a result, the Plaintiffs disclosed additional responsive information. However, Defendants subsequently filed their Defendants' Motion to Compel Discovery and Motion for Extension of Discovery (doc. 29).

After conducting a hearing on September 29, 2017, reviewing the Motion and opposition, and the entire record, this Court finds as follows:

The scope of discovery under Fed. R. Civ. P. 26(b)(1) is broad and includes discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action. Those resisting discovery must show specifically how the objected-to request is unreasonable or otherwise unduly burdensome. Claims and defenses determine discovery's scope. Evidence is relevant if it has any tendency to make the existence of any fact or consequence more or less probable that it would be without the evidence. Daniel Def., Inc. v. Remington Arms Co., LLC, No. CV 414-131, 2015 WL 6142883 at * 2 (S.D. Ga. Oct. 19, 2015) (cites and quotes omitted). Given that Rule 26 sets a very low threshold for relevance, this court is inclined to err in favor of discovery rather than against it. The Court reminds the parties that just because information is discoverable, does not mean that it is admissible, and admissibility may be determined at a later date.

Defendants' Motion is hereby **GRANTED** in part and **DENIED** in part. Plaintiffs shall provide information from 2010 (after turnover), to the extent available, as follows:

**Club Interrogatories**

No. 1 – Plaintiff shall respond generally describing the manner in which an applicant makes application to the Club and the criteria for admission, without providing names of those denied membership, if any.

No. 2 – Plaintiff shall provide a list of the number of owners terminated, but who still

own real estate, without providing names.

No. 3 – Plaintiff shall provide a list of the number of delinquencies, and further specify the actions taken, by number of actions taken (i.e., delinquencies, cures, liens, lawsuits, foreclosure, and settlement), without providing names.

No. 4 – Plaintiff shall provide the names of the counties where lawsuits have been filed, and the year of each filing and the number of lawsuits in each county, without providing names of members.

No. 7 – Plaintiff shall identify the number of owners who purchased prior to 2000 who are exempt from the membership requirement on additional lots owned, without providing names.

**Club Requests for Production**

No. 6 – Plaintiff shall provide a list of the number of delinquencies, and further specify the actions taken, by number of actions taken (i.e., delinquencies, cures, liens, lawsuits, foreclosure, and settlement), without specifying names.

No. 7 – Plaintiff shall provide the names of the counties where lawsuits have been filed, and the year of each filing and the number of lawsuits in each county, without providing names of members.

No. 14 – Plaintiff shall provide a list of the number of suspensions and the number of terminations, without providing names. Plaintiff shall also provide a sample letter regarding suspension.

**Association Interrogatories**

No. 1 – Plaintiff shall provide a list of the number of delinquencies, and further specify the actions taken, by number of actions taken (i.e., delinquencies, cures, liens, lawsuits, foreclosure, and settlement), without specifying names.

No. 2 – Plaintiff shall provide the names of the counties where lawsuits have been filed,

and the year of each filing and the number of lawsuits in each county, without providing names of members.

No. 5 – Plaintiff shall provide a list of number of foreclosure letters sent out, number of foreclosure lawsuits filed, and number of lawsuits that resulted in an order of judicial foreclosure and sheriff's sale.

**Association Request for Production**

No. 5 – Plaintiff shall provide a list of the number of delinquencies, and further specify the actions taken, by number of actions taken (i.e., delinquencies, cures, liens, lawsuits, foreclosure, and settlement), without specifying names.

No. 6 – Plaintiff shall provide the names of the counties where lawsuits have been filed, and the year of each filing and the number of lawsuits in each county, without providing names of members.

General – Plaintiffs Club and Association shall provide certain general information regarding delinquencies.

It is further **ORDERED** that Plaintiffs shall have through and including November 20, 2017 to produce their response. It is further **ORDERED** that discovery is extended until January 19, 2018. Further, it is **ORDERED** that the last day for filing civil motions, including *Daubert* Motions but excluding Motions in Limine is extended until February 19, 2018. The parties have agreed to a consent protective order, which shall govern the discovery process, including without limitation, the information produced in accordance with this Order and all depositions.

SO ORDERED this 6th day of October, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA