**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| THE FORD PLANTATION CLUB, INC., ) <br> and THE FORD PLANTATION ) <br> ASSOCIATION, INC., ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> MICHAEL L. SCOTT and ) <br> NANCY J. SCOTT, ) <br> ) <br> ) <br>     **Defendants.** ) | Civil Action No. <u>4:16-cv-309</u> |

## CONSENT PROTECTIVE ORDER

*Having fully considered the parties' proposed consent protective order and for good cause shown,* **IT IS HEREBY ORDERED THAT** *the agreed order is* **APPROVED** *subject to the following modifications:*

> *(1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms; and*
>
> *(2) Nothing in this protective order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents.*

    1.    This cause comes before the Court pursuant to the agreement of Plaintiffs The Ford Plantation Club, Inc. ("Club") and The Ford Plantation Association, Inc. ("Association") (collectively "Plaintiffs") and Defendants Michael Scott and Nancy

Scott (collectively "Defendants").

2. This Order shall govern the use, handling and disclosure of all documents and responses to interrogatories produced or given in this action that are designated to be subject to this Order in accordance with the terms hereof.

3. Any party producing or filing documents, responses to interrogatories, or other materials in this action may designate such documents, responses to interrogatories or other materials and the contents therein confidential, subject to this Order, by typing, writing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is desired, "Confidential." Such documents shall be treated as confidential unless the Court shall, on motion and for good cause shown, decide otherwise or except as otherwise provided herein. It is agreed that at the trial of this case any documents so designated and submitted to the trier of fact shall not bear the stamped designation "Confidential."

4. Either party may challenge the confidentiality designation of such documents, responses to interrogatories or other material under this protective order no later than the close of discovery or within ten (10) days of receipt of the document whichever last occurs.

5. Before a motion is filed in a dispute, the court's guidelines are to be followed to try to resolve the dispute between counsel or by telephone conference with the Judge.

6. Anything to the contrary notwithstanding, if a party producing documents, responses to interrogatories or other materials seeks to designate such documents, responses to interrogatories or other materials as "Confidential," such designation shall not be binding on any adverse parties in the event that such adverse parties already have possession and/or control of such documents, information contained in the responses to interrogatories, or other materials independent of such production, and in the event that the party or parties having such independent possession and/or control of such documents, information contained in the responses to interrogatories or other materials does not consent to the designation of such documents, information contained in the responses to interrogatories or other materials as "Confidential."

7. Except as provided herein, all material designated "Confidential" pursuant to this Order and not otherwise obtained outside of the discovery process, shall not be used directly or indirectly by any person for any reason or purpose whatsoever other than for the prosecution of the parties' claims and defenses in this action. Upon receiving any documents, responses to interrogatories or other materials designated

"Confidential" pursuant to this Order or receiving deposition testimony designated as "Confidential" pursuant to this Order, counsel for the parties agree not to disclose in any manner whatsoever such documents, responses to interrogatories (including copies thereof) or other materials, or the subject, existence or contents of said documents, to any person not acting and participating as an attorney of record (or secretary/paralegal of such attorney assisting attorney in this action) in these actions, subject only to the exceptions outlined in the following paragraph. In addition, all persons to whom confidential documents, responses to interrogatories, and/or other materials are disclosed and that is not obtained by the non-producing parties outside of the discovery process, are hereby enjoined from disclosing such documents, responses to interrogatories, and/or materials to any person except as provided in this Order.

8. The following exceptions to the restrictions set forth above shall be recognized, agreed to and followed:

(a) "Confidential" material under this Order may be disclosed to the parties in the course of their participation in the present litigation. The parties agree that they will at all times abide by the terms of this Order and maintain the confidentiality of such materials and will not disclose in any manner whatsoever either the documents themselves, copies thereof or the contents of any confidential

information to anyone other that his, her or its counsel or a member of that counsel's staff.

(b) The parties' counsel may disclose confidential information to any person working with counsel in the prosecution or defense of this action. Such disclosures will occur only on the condition that any such person understands fully the confidentiality of the information and the restrictions regarding its disclosure as imposed by this Order and agrees to comply with such restrictions.

(c) Counsel may disclose any matter designated as "Confidential" to any witness or prospective witness during discovery or in preparation for trial, or at trial, as needed to prepare such witness or prospective witness for such trial or pre-trial testimony. Disclosure of confidential material may also be made to the extent necessary to examine or cross-examine witnesses during pre-trial depositions or to the extent needed to support or oppose any motion to the Court, or with respect to any appeal.

(d) Counsel may disclose confidential material to any expert or to any person who will or may provide expert testimony and/or who may submit an expert affidavit or declaration at any stage of these proceedings, including discovery, trial, and any appeal, provided that such expert agrees to be bound by the terms of this

Order, as set forth in subsection (e) below, and provided that plaintiff shall make no disclosures to competitors of the corporate defendant.

       (e)    Any person to whom disclosure is made pursuant to the above subsections shall be given a copy of this Order, and shall acknowledge that he or she is fully subject and bound by the terms of this Order. Such disclosures will occur only on the condition that any such person understands fully the confidentiality of the information and the restrictions regarding its disclosure as imposed by this Order and agrees to comply with such restrictions.

9.    No confidential documents, copies thereof, or any information contained therein shall be used for any purpose, other than the preparation and conduct of the trial in the above-captioned lawsuit.

10.    Nothing herein shall proscribe a party, upon due notice and motion to the Court from seeking to challenge the designation of a document or information as confidential.

11.    Nothing herein shall be construed as a waiver of any attorney-client privilege or work product protection claimed or asserted by a party with respect to any document covered by this Protective Order, which documents will not be produced without an approved Court Order.

12. Nothing in this Order shall be construed as an admission by the parties that the trial in this matter should be closed to the public, nor shall anything in this paragraph or any part of this Order be used by any party in support of any assertion that the trial in these matters should be closed to the public.

13. It is expressly understood and agreed that any party designating his, her or its own materials as "Confidential" pursuant to the terms of this Order shall not be restricted in any manner with respect to the use and/or disclosure of his, her or its own materials and/or documents.

14. If a party through inadvertence produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information and should be treated as such in accordance with the provisions of this Order. The Receiving Party must treat such documents and things with the designated level of protection from the date such notice is received. Promptly upon providing such notice to the Receiving Party, the Producing Party shall provide the Receiving Party with another copy of the documents or things that bear the designation under this Order, at

which time the Receiving Party shall return the originally-produced documents and things to the Producing Party.

15. Except as permitted above in, by way of example and not limitation, certain paragraphs, which permit a party to challenge a designation as "confidential," and without waiving any of the foregoing paragraphs, the following provision also applies. Any documents or tangible things designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial, may retain its protected confidential status only by Order of the Court in accordance with the following procedures. Counsel shall file the documents or tangible things in hard copy with the Clerk of Court. Counsel shall attach to the documents or tangible things a motion and proposed order to file the documents or tangible things under seal. The Clerk will submit the documents or tangible things to chambers. The opposing party may file a response in opposition to the request for protected status. The Court will review, in camera, the documents or tangible things for which continued protection is requested. If the Court agrees that the documents or tangible things should be sealed, the proposed order provided by counsel will be executed and the Clerk will file the documents or tangible things under seal.

A party who seeks to introduce protected information, documents, or tangible things at a hearing or during trial shall advise the Court at the time of introduction that the information, documents, or tangible things sought to be introduced are protected. The Court will review the information, documents, or tangible things in camera, and make an oral ruling. The Clerk will file such documents or tangible things under seal.

16. Within thirty (30) days after the final termination of this action, counsel for the parties shall make available for return to counsel for opposing party all documents and other materials deemed "Confidential'" under the terms of this Order, including all copies of such materials.

SO ORDERED this 6th day of October, 2017, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

AGREED:


/s/ Margaret K. Clark
Margaret K. Clark
Counsel for Plaintiffs
Bar No. 141575
1 Diamond CSWY, Suite 21 #204
Savannah, GA 31406
(912) 596-6598
margaret@mkclawoffice.com


/s/ Joseph H. Barrow
Joseph H. Barrow
Bar No. 040153
PO Box 8186
Savannah, GA 31412
(912) 233-9433
jbarrow@barrowandballew.com